**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KAREEM DAVENPORT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RONALD DOE,**<br>**BILL DOE, and**<br>**C/O MOENIER,**<br><br>**Defendants.** | **Case No. 25-cv-02194-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Kareem Davenport, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Second Amended Complaint (Doc. 17) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE SECOND AMENDED COMPLAINT

Plaintiff alleges the following: On June 8, 2023, Plaintiff was housed in North II restrictive housing in cell 8-29, when, in the early morning hours, inmates in restrictive housing, specifically celled near cell 21, began setting "materials" on fire. (Doc. 17, p. 7.). Each time a fire started, Correctional Officers Moenier and Ronald Doe would enter the gallery and excessively spray the fire extinguisher to put out the flames. (*Id.*). As the inmates near or around cell 21 continued to set materials on fire, the smoke became so thick in the gallery that Plaintiff could not see outside of his cell. (*Id.*).

Plaintiff and other inmates requested assistance because they were choking uncontrollably and did not have fans. (*Id.*). Officers, however, did not assist them, and instead, the officers turned off the water to the cells. (*Id.*). Plaintiff was unable to drink water from his sink to relieve his cough. (*Id.* at p. 12).

Eventually, Correctional Officers Moenier and Ronald Doe came to the gallery with a hose to extinguish the fires, but they used the hose "excessively and vindictively, spraying well after the fire was out, flooding the gallery." (Doc. 17, p. 8). The officers then "for no apparent reason" walked down to where Plaintiff was housed and began spraying water into cells 28 through 33, where there was no fire. (*Id.* at p. 8, 12). Plaintiff's property was damaged by the water. (*Id.*).

After the incident, Plaintiff's cell was dirty from the smoke, fire extinguisher spray, and water. (Doc. 17, p. 8). The gallery was flooded, and inmates were throwing trash, food, and feces into the water pooling in the gallery, which was able to flow into his cell. (*Id.*). Plaintiff was unable to clean himself or his cell because the water to the cells remained turned off by staff. (*Id.*).

Later in the day, the tactical team came to remove the inmates who had started the fires from their cells. (Doc. 17, p. 8). During the cell extraction, the tactical team excessively sprayed the inmates who started the fires with mace, and everybody on galleries 6 and 8, including Plaintiff, were coughing from the spray in the air and asking for help. (*Id.*). The water to the cells was not turned back on until the following day, June 9, 2023. (*Id.*).

## Discussion

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

**Count 1:** Eighth Amendment excessive force claim against Moenier and Ronald Doe for spraying Plaintiff and his property with water on June 8, 2023.

**Count 2:** Eighth Amendment claim against Major Bill Doe for failing to intervene in the excessive use of mace on June 8, 2023, by the tactical team.

**Count 3:** Eighth Amendment claim against Major Bill Doe for subjecting Plaintiff to unconstitutional conditions of confinement.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

**Count 1**

Again, Plaintiff has failed to state a claim against Correctional Officers Moenier and Ronald Doe. Plaintiff claims that Moenier and Ronald Doe acted vindictively and maliciously by spraying him, other inmates, and their cells with water. (Doc. 17, p. 9). He appears to label the conduct as "malicious" and "vindictive" because: (1) the original fires were started by inmates roughly eight cells away from his cell; (2) the use of the hose caused flooding in the gallery; and (3) Defendants continued spraying water after the fires had been extinguished. However, as Plaintiff states, after Defendants would extinguish one fire with the fire extinguishers, inmates in restrictive housing would start another fire, and this occurred three separate times on the morning of June 8, 2023. He also claims that the smoke became so thick that he could not see outside his cell. Thus, while the spraying of water in the area of the gallery where Plaintiff was housed may have ultimately been unnecessary, the Court cannot plausibly infer that the spraying of water by Moenier and Ronald Doe into the cells hitting Plaintiff and his property in response to successive fires and large amounts of smoke amounted to excessive force in violation of the Eighth Amendment. Count 1 is dismissed.

**Count 2**

Plaintiff asserts that Major Bill Doe was present when the tactical team came and extracted the offending inmates from their cells and that the amount of "mace [sprayed] was so excessive" that is caused the inmates in 6 and 8 galleries to cough and choke. (Doc. 17, p. 8). Although Plaintiff states the amount of mace used was "excessive," he does not provide any facts from which the Court can infer that officers employed mace during the cell extraction with an intent to cause harm and not in

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

good faith to maintain and restore discipline. Plaintiff's belief that the amount used was excessive appears to be premised only on the fact that the mace spread through the galleries. It is not sufficient to state an Eighth Amendment claim, however, to solely plead that Plaintiff, as a bystander, was inadvertently impacted by the officers' use of mace. He must still plead facts that allow the plausible inference that the officers acted with an intent to harm him, which he has not. *See Stinson v. Anderson*, No. 23-CV-337-JDP, 2025 WL 993974, at *2 (W.D. Wis. Feb. 7, 2025) ("[i]ncidental exposure to pepper spray by an innocent bystander is subject to the same legal test as direct exposure" (citing *Lindsey v. Boughton*, No. 17-CV-52-JDP, 2018 WL 3824143 (W.D. Wis. Aug. 10, 2018), at * (W.D. Wisc. Aug. 10, 2018))). Since Plaintiff has not pled facts supporting an excessive force claim against the tactical team members, "there can be no failure to intervene" claim against Major Bill Doe. *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005). Count 2 is dismissed.

**Count 3**

Plaintiff states that on June 9, 2023, the day after the fire incident, Major Bill Doe walked through the gallery and saw that the cells were flooded with contaminated water and that the cells were dirty from the smoke and fire extinguisher spray. (Doc. 17, p. 8-9). Plaintiff claims Major Bill Doe heard him and other inmates ask for help because they were still suffering from the mace exposure and did not have access to running water to drink. (*Id.*).

The Eighth Amendment prohibits the state from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). To prevail on an Eighth Amendment claim based on constitutionally inadequate prison conditions, the plaintiff must show that (1) the conditions in the prison were objectively sufficiently serious " – *i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety," *Id.,* and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted). Whether the conditions of confinement are objectively serious

enough to amount to a constitutional violation depends on the totality of the circumstances, including "the duration and severity" of the plaintiff's exposure to the alleged unconstitutional conditions. *Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019).

As the Court previously observed, the Seventh Circuit recognizes Eighth Amendment violations "where prisoners are deprived of cleaning supplies and running water only in extreme circumstances." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Plaintiff's allegations are again too sparse to assert a claim against Major Bill Doe. Living in a dirty cell without running water for a day and half, as Plaintiff alleges (*see* Doc. 17, p. 12), "is a relatively brief period of time that courts have often concluded, under similar circumstances, is insufficient to state a claim." *Darden v. Martini*, No. 1:23-CV-02250-JPH-CSW, 2024 WL 3621126, at *2 (S.D. Ind. July 31, 2024) (finding that plaintiff had failed to state a claim where he alleged spending two days in a cell that was not cleaned after he smeared his feces all over it). *See also Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (five day stay in "filthy, roach-infested cell" and being deprived toilet paper during that time not unconstitutional); *Troutwine v. Kuhse*, No. 16 C 50251, 2019 WL 1227833, at *5 (N.D. Ill. Mar. 15, 2019) (holding that the plaintiff had failed to state a claim where his water was turned off for two days to his cell and he was provided access to other beverages). Additionally, there are no facts to infer that Major Bill Doe responded to the state of affairs with deliberate indifference. According to Plaintiff, after complaining to Major Bill Doe on June 9 that he and other inmates lacked running water, the running water was restored to their cells later that day sometime between sometime between 11 a.m. and 1 p.m. (Doc. 17, p. 12), and Plaintiff does not specify when he was able to clean his cell. Because Plaintiff has failed to plausibly allege the type of severe deprivation that would give rise to an Eighth Amendment violation following the outbreak of fires on June 8 and that Major Bill Doe ignored an excessive risk to Plaintiff's health caused by such conditions, Count 3 is dismissed.

To the extent Plaintiff is attempting to assert liability against Major Bill Doe because he was "grossly negligent in supervising his staff and turned a blind eye to their actions," (Doc. 17, p. 10),

such claim also fails. "[N]eligence, even gross negligence, does not violate the Constitution." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Furthermore, a defendant cannot be held liable under Section 1983 for the actions of others or solely because the defendant is in a supervisory position. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). Section 1983 "liability is premised on the wrongdoer's personal responsibility." *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012). Therefore, "an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.* (citations and quotations omitted). Plaintiff has failed to assert facts establishing that Major Bill Doe was personally involved or aware of any alleged constitutional violations committed by staff against him on June 8, 2023, and as discussed above, Plaintiff has not pled a constitutional claim regarding his conditions of confinement following the repeated fires and staff response. Thus, any claim against Major Bill Doe for negligently supervising staff is dismissed.

As recounted above, Plaintiff has failed to state a constitutional claim against any named Defendant. Therefore, the Second Amended Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994). This is Plaintiff's second attempt to state a claim, and he again is unsuccessful. Accordingly, the Court finds that any further amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

## DISPOSITION

For the reasons stated above, the Second Amended Complaint (Doc. 17) and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**